Filed 5/21/14  P. v. Jones CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059668 |
| v. | (Super.Ct.No. SWF1300008) |
| KASHIF DEMAREO JONES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elisabeth Sichel, Judge.  Affirmed.

Cindi B. Mishkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Kashif Demareo Jones pled guilty to terrorist threats (Pen. Code, § 422);[1] in return, the remaining charges

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

were dismissed and defendant was sentenced to a stipulated term of two years in state prison with credit for time served. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

On December 18, 2012, during a domestic dispute, defendant tried to strangle his girlfriend on three separate occasions. During the strangulation, defendant threatened to kill the victim.

On January 29, 2013, an information was filed charging defendant with one count of terrorist threats (§ 422; count 1); assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 2); and infliction of corporal injury upon a spouse or cohabitant (§ 273.5, subd. (a); count 3). The information further alleged that defendant had suffered one prior prison term (§ 667.5, subd. (b)), one prior serious felony conviction (§ 667, subd. (a)), and one prior strike conviction (§ 667, subds. (c) & (e)(1) & 1170.12, subd. (c)(1)).

On May 8, 2013, defense counsel declared a doubt as to defendant's competency and the criminal proceedings were suspended. The trial court appointed Dr. Michael E. Kania to evaluate defendant.

On May 28, 2013, after reviewing Dr. Kania's evaluation, the trial court found defendant competent to stand trial and the criminal proceedings were reinstated.

---

[2] The factual background is taken from the preliminary hearing.

On July 23, 2013, defendant entered into a negotiated plea. Defendant pled guilty to committing a terrorist threat as alleged in count 1. In return, the remaining charges and enhancement allegations would be dismissed and defendant would be sentenced to a stipulated term of two years in state prison with credit for time served. After examining defendant, the trial court found the plea was entered into freely and voluntarily; that defendant knowingly and intelligently waived his rights; that defendant understood the nature of the charges and the consequences of the plea; and that there was a factual basis for his plea. Defendant thereafter requested to be immediately sentenced. Defendant was sentenced in accordance with his plea agreements and awarded a total of 436 days credit for time served.

On September 18, 2013, defendant filed a notice of appeal, challenging the validity of the plea. Defendant alleged that he received ineffective assistance of counsel and that he was manipulated into pleading guilty. Defendant also requested a certificate of probable cause, which was denied by the trial court.

On November 19, 2013, this court approved the parties' stipulation that the notice of appeal deemed amended state that the appeal is based on the sentence or other matters occurring after the plea.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of

3

the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


MILLER
J.

4